IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SARIT K. SANTICHAVALITSKUL,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:09-00582

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court are cross motions for summary judgment and Plaintiff's objections to the findings and recommendations of the Magistrate Judge. Plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for proposed findings and recommendations. On May 4, 2010, the case was reassigned to Magistrate Judge R. Clarke VanDervort. Magistrate Judge VanDervort entered his proposed findings and recommendations on September 3, 2010, concluding that substantial evidence supported the Commissioner's decision.

The Court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which Plaintiff objects. For the reasons set forth below, the Court **DENIES** Plaintiff's objections, and **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's motion for judgment on the

pleadings, **GRANTS** Defendant's motion for judgment on the pleadings, and **AFFIRMS** the decision of the Commissioner.

## BACKGROUND

On April 13, 2005, Plaintiff Sarit Santichavalitskul ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act), 42 U.S.C. §§ 401-433, 1381-1383f (2010), alleging disability beginning April 17, 2002 due to neck, back, and right knee injuries. Plaintiff's claims were denied on July 27, 2005, and again upon reconsideration on May 24, 2006. R. at 16. On July 13, 2006, Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). An initial hearing was held on May 23, 2007. R. at 16. The following individuals testified at the initial hearing: Judith Brendemuehl, M.D., a medical expert; Jeffrey Boggess, Ph.D., a licensed psychologist and medical expert; Harry Tanzey, a vocational expert; Plaintiff; and Anna Hullett, Plaintiff's grandmother. R. at 16. A supplemental hearing was held on March 6, 2008, at which Plaintiff, Robert Marshall, M.D., Harry Tanzey, and William Phelps, M.A. all testified. R. at 16.

After hearing the relevant evidence in the matter, the ALJ submitted findings of fact and conclusions of law, and determined that Plaintiff was not disabled under the Act. R. at 18. In reaching this conclusion, she applied the five-step sequential evaluation process for determining disability. R. at 17 (discussing 20 C.F.R. §§ 404.1520(a), 416.920(a)). The ALJ's decision became the final decision of the Commissioner on March 27, 2009 when the Appeals Council of the Social Security Administration ("SSA") denied Plaintiff's request for review. R. at 6. On May 26, 2009, Plaintiff brought the instant action in this Court seeking judicial review of the Commissioner's final decision. The Magistrate Judge recommends that this Court deny Plaintiff's motion for judgment on the pleadings, and grant the Commissioner's motion, dismissing Plaintiff's action.

## DISCUSSION

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The scope of this Court's review of the Commissioner's decision, however, is narrow as the Commissioner's factual findings should be upheld "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)*; see also* 42 U.S.C. § 405(g) ("[F]indings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Craig*, 76 F.3d at 589; *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" (citation omitted)).

In conducting this review, this Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because the ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (noting that the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with other evidence in the record, such a finding must appear in the

decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4) (1999).

It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).

Plaintiff objects to the Magistrate Judge's Proposed Finding and Recommendation on two grounds. First, he alleges that the Magistrate Judge was incorrect in finding that the ALJ did not have to give the opinion of Mareda Reynolds, M.A.–a licensed psychologist who conducted evaluative sessions with Plaintiff–controlling weight in making her determination that Plaintiff suffered from a non-severe mental impairment. Second, Plaintiff argues that, because of gaps in his treating physician's records, the ALJ lacked an adequate basis to find that Plaintiff was capable of performing other work, and was therefore not disabled.

The Court finds that the Magistrate Judge adequately and thoroughly chronicled the factual and procedural history of this case. Thus, on review, the Court addresses only those material facts and issues that are relevant to Plaintiff's objections. In that respect, Plaintiff's objections are addressed in reverse order.

## I. The Commissioner's Decision Was Supported by Substantial Evidence

Plaintiff argues that the ALJ did not have before her adequate evidence to make a finding

that Plaintiff was capable of performing other work. This objection hinges on the argument that the ALJ's reasons for discounting the opinions of Dr. Elias Haikal, a physician who regularly treated Plaintiff, are no longer valid because those reasons were based upon the erroneous belief that there was nearly a three-year gap between Dr. Haikal's last recorded examination of Plaintiff and his assessment on September 18, 2007. Consequently, Plaintiff asserts that the ALJ should have recontacted Dr. Haikal to clarify ambiguity in his reports. In advancing this argument, Plaintiff points to 20 C.F.R. § 404.1512(e)(1), which provides in pertinent part that when the evidence the Commissioner receives from a treating physician or psychologist is inadequate to determine whether a claimant is disabled, the Commissioner will seek additional information to reach a determination or a decision by taking the following actions:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. . . .

20 C.F.R. §§ 404.1512(e)(1).

It is well-established that the ALJ has a duty to sufficiently develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). In essence, the ALJ "cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Id.* at 1173 (citations omitted). "[E]videntiary gaps that result in *unfairness* or *clear prejudice* require a remand." *Fleming v. Barnhart*, 284 F.Supp.2d 256, 272 (D. Md. 2003) (citing *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980) (emphasis added)); *see also Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (noting that the ALJ's decision should be reversed if the claimant shows that the ALJ failed to adequately develop the record and that the claimant was actually prejudiced by the failure). However, "[a] claimant is of course entitled, and can be held, to present all the favorable evidence

available to establish disability under any of the ways provided by the Secretary." *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986) (citation omitted).

In the instant case, the Court does not believe that the ALJ failed to adequately develop the factual record. As a threshold matter, the relevant treatment records to which Plaintiff refers in his objections have not be provided to this Court on review. However, the Court's determination would still be unaffected if they were because the evidence that the ALJ did consider would not in this case be altered or changed merely because she concluded that there was a "gap in treatment" before Dr. Haikal prepared his adult physical form in 2007. That evidence as a whole, presented in detail by the Magistrate Judge and the ALJ, contained medical findings made by other competent physicians during the years of the "gap in treatment" which did not support–indeed, contradicted–the degree of limitation that Dr. Haikal endorsed. Moreover, Dr. Marshall, a testifying medical expert, considered this other evidence in concluding that Dr. Haikal's assessments were "absolute rubbish." R. at 435. Indeed, there was little need to contact Dr. Haikal because the ALJ did not so much base her decision on the fact that the reports were ambiguous or incomplete due to the "gap in treatment," but rather considered them inconsistent and lacking in credibility.

It must be noted that Plaintiff has been represented throughout the disability determination proceedings. Thus, while the Court is troubled that counsel for Plaintiff seems to have failed to supplement Dr. Haikal's notes, the ALJ did not have a *heightened* duty to "ensure that all the facts of the case [were] fully explored" because Plaintiff was not acting pro se. *See Fleming*, 284 F.Supp.2d at 272 (noting that the ALJ has a heightened duty to develop the record when a claimant is not represented). Accordingly, the Court finds the ALJ's determination that Plaintiff is not disabled, and that he has residual functional capacity to perform medium work, *see* 20 C.F.R. § 404.1567(c), to be supported by substantial evidence.

## II. Weight of Mareda Reynolds's Opinion

Plaintiff also argues that the ALJ erred by failing to give Mareda Reynolds's opinion controlling weight in determining that Plaintiff's depressive disorder did not cause him more than a minimal limitation. Ms. Reynolds conducted a psychological evaluation of Plaintiff on August 18, 2006. R. at 325-32. She made various findings on a mental status exam, and concluded in part that Plaintiff was markedly limited in his "ability to maintain regular [work] attendance" and to "be punctual within customary tolerances." R. at 330. In addition, she concluded that Plaintiff was limited moderately in his ability to understand and remember detailed instructions, maintain attention for extended periods, complete a normal work day and work week without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. *See* Proposed Findings and Recommendation 19 (citing R. at 330-31).

Despite the evaluation, the ALJ found that Plaintiff did not have a severe mental impairment. In making this finding, the ALJ considered the disability regulations for evaluating the severity of mental disorders. *See* R. at 18-19 (citing Section 12.00C of the Listing of Impairments (20 C.F.R. Part. 404, Subpart P, Appendix 1)). The Magistrate Judge noted that the ALJ did not appear to assign specific weight to the opinion of Ms. Reynolds. Plaintiff argues that, under the mandate of 20 C.F.R. § 404.1527(d)(2), the ALJ should have given controlling weight to Ms. Reynolds's opinion because she was his treating psychologist.

Under 20 C.F.R. § 404.1527(d)(2), the ALJ should generally give more weight to the treating source's opinion on the severity of a claimant's impairment. However, such weight will be assigned to the treating source's opinion only where it is well-supported by medically acceptable diagnostic techniques, and is not inconsistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2);

*see also Holler v. Chater*, No. 95-2605, 1996 U.S. App. LEXIS 10850, at *9 (4th Cir. May 9, 1996) ("The Commissioner is ultimately responsible for determining whether the claimant is disabled under the Act, and a treating physician's opinion that the claimant is disabled does not necessarily mean that the claimant will be found disabled").

In this case, Ms. Reynolds saw Plaintiff only six times, R. at 340-41, and the ALJ found on the basis of this fact and all of the other evidence–presented both by independent document submissions and at the administrative hearings–that her opinion was not entitled to controlling weight. The ALJ's opinion clearly reflects this assessment despite her failure to explicitly state as much. For example, she specified that she believed various aspects of Ms. Reynolds's examination to be based entirely upon Plaintiff's own subjective self-reporting of his symptoms. R. at 19. She also outlined in detail many of the other methodological and credibility problems with Ms. Reynolds's report. R. at 18-19. This is not a circumstance where the Court "can find little or no indication" as to why the ALJ found much of Ms. Reynolds's report unpersuasive. *See Murphy*, 810 F.2d at 437 (noting that the bases for the ALJ's decision must be apparent). Similarly, it is not this Court's function to simply reevaluate the ALJ's determinations on the weight of the evidence relevant to Plaintiff's application. Instead, the Court must simply assess whether those determinations were based upon the appropriate legal standards, and supported by substantial evidence. The Court finds that they were, and that the ALJ committed no reversible error in this regard.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's objections, **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** Defendant's motion for

judgment on the pleadings, and **AFFIRMS** the decision of the Commissioner.

ENTER: September 27, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE